# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: SUNEDISON, INC., SECURITIES LITIGATION                MDL No. 2742

## TRANSFER ORDER

**Before the Panel:**[*] Plaintiff Carlos Domenech Zornoza in the District of Maryland action (*Domenech*) listed on the attached Schedule A moves under Panel Rule 7.1 to vacate the Panel's order conditionally transferring the action to MDL No. 2742. Defendants TerraForm Global, Inc. (GLBL), TerraForm Power, Inc. (TERP), Emmanuel Hernandez, and Peter Blackmore oppose the motion.

After considering the argument of counsel, we find this action involves common questions of fact with the actions previously transferred to MDL No. 2742, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Transfer is warranted for the reasons set out in our order directing centralization. In that order, we held that the Southern District of New York was an appropriate Section 1407 forum for actions sharing factual questions arising from allegedly inaccurate statements concerning SunEdison's operational and financial condition (*e.g.*, its liquidity, classification of debt, and internal financial control), as well as the propriety of its public filings. The centralized actions involved various transactions, offerings and statements made in the roughly ten-month period before SunEdison filed for bankruptcy relief. *See In re: SunEdison Sec. Litig.*, ___ F. Supp. 2d ___, 2016 WL 5845993, *1 (J.P.M.L., Oct. 4, 2016). This action involves allegations related to SunEdison's liquidity, particularly defendants' alleged efforts to conceal the true state of SunEdison's liquidity, in the months preceding the bankruptcy; *Domenech* thus falls within the MDL's ambit.

Plaintiff opposes transfer primarily by arguing that his whistleblower action focuses only on his employment, and proof of these employment-related claims will be distinct from (and much narrower in scope than) the other complex securities cases in the MDL. Plaintiff also expresses the concern that his action will take longer to resolve in the transferee court than in the District of Maryland. We are not persuaded by these arguments. We have long held that "Section 1407 does not require a complete identity or even majority of common factual and legal issues." *In re: Satyam Computer Servs., Ltd., Sec. Litig.*, 712 F. Supp. 2d 1381, 1382 (J.P.M.L. 2010).[1] The significant events in *Domenech*, without doubt, concern "factual issues arising from allegedly inaccurate statements concerning SunEdison's operational and financial condition – *e.g.*, its liquidity,

---

[*] Judge Lewis A. Kaplan took no part in the decision of this matter.

[1] *See also In re: ClassicStar Mare Lease Litig.*, 528 F. Supp. 2d 1345, 1346 (J.P.M.L. 2007) ("Regardless of any differences among the actions, all actions arise from the same

CERTIFIED COPY

RUBY J. KRAJICK, CLERK

BY _____
Deputy Clerk

-2-

classification of debt [], and internal financial controls – and the alleged impropriety of its public filings." *In re: SunEdison*, ___ F. Supp. 3d ___, 2016 WL 5845993, *1 (J.P.M.L., Oct. 4, 2016).

We also note that *Domenech* will not be the only whistleblower action in the MDL. We recently transferred a similar whistleblower action that was brought by the former chief operating officer of GLBL and TERP (who also was the former executive vice president and chief operating officer of SunEdison). *See Perez v. TerraForm Global, Inc., et al.*, D. Maryland, C.A. No. 17-cv-516 (filed Feb. 21, 2017; opposition to CTO withdrawn, action transferred to MDL on April 13, 2017). That action was filed by counsel who represents plaintiff in *Domenech*. Further underscoring the factual interrelation of *Domenech* with the MDL actions, one of the recently amended complaints in the MDL actions concerning the GLBL initial public offering specifically refers to the filing of the whistleblower complaints in *Perez* and *Domenech*.[2] Finally, plaintiff himself is a defendant in several actions in the MDL. Placing all related actions before the transferee court will allow for the streamlined resolution of this litigation while, at the same time, reducing the risk of inconsistent pretrial rulings and duplicative pretrial discovery.

IT IS THEREFORE ORDERED that the action listed on Schedule A is transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable P. Kevin Castel for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

Sarah Vance

Sarah S. Vance
Chair

Marjorie O. Rendell          Charles R. Breyer
Ellen Segal Huvelle          R. David Proctor
Catherine D. Perry

---

[2] *See In re: SunEdison Sec. Litig.*, S.D. New York, C.A. No. 16-md-2742, doc. 188, Second Amended Complaint ¶ 73 (April 21, 2017) ("In two whistleblower actions filed on February 21, 2017, in the United States District Court for the District of Maryland ... one by Domenech and one by ... Perez ... significant information came to light about SunEdison's failing financial situation right around the time of the IPO ...."); *Id.* ¶¶ at 74-97.

**IN RE: SUNEDISON, INC., SECURITIES LITIGATION**          MDL No. 2742

## SCHEDULE A

<u>District of Maryland</u>

ZORNOZA v. TERRAFORM GLOBAL, INC., ET AL., C.A. No. 8:17–515